UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA COPENHAVER,

    Plaintiff,

vs.

DAVID J. BURNETT and
PATRICIA L. CARUSO,

    Defendants.
                               /

Case No. 1:07-CV-422

Hon. Gordon J. Quist

**ORDER TO TRANSFER**

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on defendant Burnett's motion for a change of venue pursuant to 28 U.S.C. § 1404 (docket no. 20). Plaintiff does not oppose the motion.

       Plaintiff names two defendants in this suit: Dave J. Burnett, Special Activities Coordinator for the Michigan Department of Corrections (MDOC) and Patricia L. Caruso, the MDOC's Director. Plaintiff has sued both defendants in their official capacity for violations of his First Amendment rights and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc. Plaintiff alleges that he has "actively observed his Jewish religion" and that such observance "requires a 'complete' Passover Seder." Compl. at ¶ 10. Plaintiff alleges that he was denied a "complete" Passover Seder in 2005 and 2006 while incarcerated at the Florence Crane Correctional Facility (ACF) in Coldwater, Michigan, which is located in Branch County in the Western District of Michigan. Plaintiff seeks equitable relief consisting of an order to enjoin defendants from interfering with his religious worship and for "permanent injunctive relief requiring the MDOC to provide a Passover Seder observance for all Jewish prisoners (including the

festival meal), exclusive of, the requirement of permitting multiple security levels to come together as it is not necessary for religious worship." Comp. at pp. 6-7.

The court notes that prior to filing the present suit, plaintiff filed a prisoner civil rights action in the Eastern District of Michigan, entitled *Copenhaver v. James, et al*, No. 4:06-cv-11111 (E.D. Mich.) ("*Copenhover I*"). On June 22, 2007, plaintiff filed an amended complaint in *Copenhaver I* alleging that 12 defendants, including defendant Caruso, committed numerous civil rights violations. Plaintiff's allegations include a claim that defendant Caruso "personally made the decision upon the recommendation and personal actions of [d]efendants Beckwith, Howes and Dave Burnett, to 'remove' the festival meal portion of the Seder" while he was incarcerated at the ACF in 2005, in violation of the RLUIPA and the First Amendment. *Copenhaver I*, Amended Comp. at ¶¶ 1 and 3 (emphasis added). Furthermore, in *Copenhaver I*, plaintiff seeks similar relief by "enjoining defendants from further violations of the Constitution and laws of the United States, against [p]laintiff for the issues stated above [i.e., the denial of a Seder 'festival meal']."

Defendant Burnett seeks to have this case transferred to the Eastern District where *Copenhaver I* has been pending since March 15, 2006. Transfers of venue are authorized under § 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

As a preliminary matter, the court must determine whether this is an action that "might have been brought" in the Eastern District. Venue in federal question cases, wherein jurisdiction is not founded solely on diversity, except as otherwise provided by law, may be brought only in:

2

>   (1) a judicial district in which any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Here, plaintiff seeks equitable relief from two MDOC officials acting in their official capacities. "Where a public official is a party to an action in his official capacity, he resides in the judicial district where he maintains his official residence, that is, where he performs his official duties." *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (citation omitted). "In cases involving state officials, a substantial connection to the claim occurs not only where the 'triggering event' takes place, but also where the effects of the decision are felt." *Bay County Democratic Party v. Land*, 340 F.Supp.2d 802, 809 (E.D.Mich. 2004). Thus, Michigan's Secretary of State "resides" in both Michigan judicial districts, not just the Western District which includes her office in Lansing. *Id.* at 808. *See also, Taylor v. White*, 132 F.R.D. 636, 641 (E.D.Pa. 1990) ("a state agency or official does not necessarily have a single residence for venue purposes"). Defendant Burnett is a state official engaged in overseeing activities at the MDOC, which operates correctional facilities in both the Eastern and Western Districts. Accordingly, venue for this suit brought against him in his official capacity would be proper in both of Michigan's judicial districts.

Having determined that plaintiff could have brought this suit in the Eastern District, the court concludes that a transfer of venue is appropriate under § 1404(a). While the present suit involves additional allegations regarding the denial of the 2006 Passover Seder, these allegations do not state a separate claim for relief. Plaintiff seeks no compensation for the denial of past "festival meals." Rather, the present suit is limited to future relief, i.e., to enjoin the MDOC from

interfering with certain religious observances and to require the MDOC to provide "a Passover Seder observance for all Jewish prisoners (including the festival meal)." Comp. at pp. 6-7.

By filing two suits, plaintiff is attempting to litigate the "festival meal" issue in two different forums. It is in the interests of justice to avoid such duplicative litigation. *See Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) ("to permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent"); *Rabbi Jacob Joseph School v. Province of Mendoza*, 342 F. Supp. 2d 124, 130 (E.D. N.Y. 2004) (noting that the interests of justice consideration in § 1404(a) "encompasses the private and public economy of avoiding multiple cases on the same issues"). Furthermore, while there is a "strong presumption in favor of the plaintiff's choice of forums," *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981), this presumption does not alter the court's conclusion. Plaintiff file *Copenhaver I* in the Eastern District and does not oppose defendant's motion to transfer this suit to that district. Accordingly, defendant Burnett's motion for a change of venue (docket no. 20) is **GRANTED**.

**IT IS ORDERED** that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). The Clerk shall transmit the file forthwith to the Clerk of the Court in Detroit.


Dated:  October 4, 2007                     /s/ Hugh W. Brenneman, Jr.
                                            HUGH W. BRENNEMAN, JR.
                                            United States Magistrate Judge